UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DAVID YOUNG, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-04469-JRS-DML |
| | ) | |
| MARK SEVIER, et al. | ) | |
| | ) | |
| Respondents. | ) | |

## ENTRY DENYING MOTION TO DISMISS AND
## DIRECTING FURTHER PROCEEDINGS

David Young's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case NCP 19-09-0018.[1] The respondent moves to dismiss Mr. Young's petition on grounds that his challenges to the disciplinary conviction are procedurally defaulted. For the reasons set forth below, the respondent's motion is **denied**.

### I. Legal Standards: Exhaustion of Administrative Remedies and Procedural Default

A district court may not grant a state prisoner's petition for a writ of habeas corpus "unless it appears that" the petitioner "has exhausted the remedies available in" the state's courts. 28 U.S.C. § 2254(b)(1). When the petitioner "has not exhausted a claim and complete exhaustion is no longer available, the claim is procedurally defaulted," and the district court may not grant habeas relief based on it. *Martin v. Zatecky*, 749 F. App'x 463, 464 (7th Cir. 2019).[2]

---

[1] In its Order to Show Cause, the Court misidentified the disciplinary proceeding as *NCF* 19-09-0018. Dkt. 3. The parties agree that the disciplinary proceeding in question is NCP 19-09-0018.

[2] *See also Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008) ("A petitioner is generally required to exhaust all of his available administrative remedies before seeking a writ of habeas corpus in federal court. If the petitioner fails to do so and the opportunity to raise that claim in state administrative proceedings has lapsed, the petitioner has procedurally defaulted his claim, and a federal court is precluded from reviewing the merits of his habeas petition.") (internal citations omitted); *Moffat v. Broyles*, 288 F.3d

"To avoid procedural default, an Indiana prisoner challenging a disciplinary proceeding must fully and fairly present his federal claims to the facility head and to the Final Reviewing Authority." *Jackson v. Wrigley*, 256 F. App'x 812, 814 (7th Cir. 2007) (citing *Moffat v. Broyles*, 288 F.3d 978, 981–982 (7th Cir. 2002) (holding that, because Indiana law does not provide for judicial review of prison disciplinary proceedings, § 2254(b)(1)'s exhaustion requirement demands that the prisoner present his claims at both levels of the administrative appeals process)).

## II. Applicable Administrative Remedies

The Indiana Department of Correction's (IDOC's) Disciplinary Code for Adult Offenders permits an inmate to appeal a disciplinary conviction. Dkt. 6-6 at § X. The inmate must file an appeal with the warden or other designated official at his facility (sometimes called "the facility head") within 15 days after receiving the report of the disciplinary hearing. *Id.* at §§ X(A), X(C).

The inmate must present his appeal on State Form 39587. *Id.* at § X(A). Within 30 days, the facility head will write a response on the same appeal form and return a copy to the inmate. *Id.* at § X(C).

If the inmate is not satisfied with the facility head's response, he must file a second appeal to the IDOC's appeal review officer (sometimes called the "final reviewing authority"). *Id.* at § X(D). The inmate must include a copy of the facility head's response, or the appeal will be summarily denied. *Id.* at § X(D)(4). The Disciplinary Code does not instruct an inmate on how to proceed if the facility head does not respond as the policy requires.

## III. Mr. Young's Efforts to Exhaust

Mr. Young was convicted in NCP 19-09-0016 at a disciplinary hearing on September 23, 2019. Dkt. 6-4. Mr. Young wrote a disciplinary hearing appeal on Form 39587, and it is dated

---

978, 982 (7th Cir. 2002) ("That procedural default means . . . that state remedies were not exhausted, and precludes consideration of this theory under § 2254 . . . .").

September 24, 2019. Dkt. 9-1 at 2. That appeal was stamped "Received" on January 9, 2020. *Id.* The facility head denied the appeal, and Mr. Young received a copy of the denial on January 17, 2020. *Id.* at 1.

IDOC records do not document the receipt of or decision on any appeal related to NCP 19-09-0016. *See* dkt. 9-2 at 5. The respondent has not provided any evidence regarding what happens when disciplinary appeals are received or when or how such records are created.

Mr. Young filed his habeas petition on November 6, 2019—43 days after the date of his first-level appeal but 72 days before he received the facility head's denial. Mr. Young has not filed a second-level appeal to the final reviewing authority.

### IV. Analysis

The respondent asserts that Mr. Young's challenge to NCP 19-09-0016 is procedurally defaulted because he did not submit administrative appeals to—and await decisions from—both the facility head and the final reviewing authority before filing his petition. This assertion is factually and legally problematic.

Factually, it is not clear when Mr. Young submitted his first-level appeal. It is dated September 24, 2019; it is stamped January 9, 2020; and it is not acknowledged at all in the IDOC's electronic database.

This ambiguity is important because it allows the possibility that Mr. Young submitted his first-level appeal on September 24, 2019. If so, Mr. Young completed the first step in exhausting administrative remedies. Critically, the IDOC's Disciplinary Code did not allow him to proceed to the second step until after the facility head responded. The Disciplinary Code required Mr. Young to attach the facility head's denial to his second-level appeal, so he could not submit his second-level appeal until he received the facility head's decision. Dkt. 6-6 at § X(D)(4); *see also* dkt. 9 at

3. The Disciplinary Code stated that Mr. Young would receive a response within 30 days, dkt. 6-6 at § X(C), and it provided no instruction regarding how to proceed if he did not.

After 43 days, Mr. Young had no response from the facility head and could take no further action. Mr. Young was required to exhaust "available" administrative remedies before filing his petition. 28 U.S.C. § 2254. The Disciplinary Code does not make clear what remedies were available to Mr. Young if the facility head never responded to his first-level appeal, and the respondent has not addressed that issue in the briefing.

In sum, *the respondent* has presented competent evidence indicating that Mr. Young submitted his first-level appeal in the time the Disciplinary Code required.  Although it is clear that Mr. Young did not complete the exhaustion process before filing this action, he did not receive a response to his first-level appeal within the 30-day period set forth in the Disciplinary Code, and the Disciplinary Code does not address the circumstances he faced at that time.

## V. Conclusion and Further Proceedings

In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue should ordinarily be considered first'" but also clarified that "it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525). Given that the respondent has not shown how Mr. Young could complete the administrative process when he received no response to his first-level appeal, the Court finds that the interests of justice and judicial economy will be best served by first confronting the merits of Mr. Young's petition.

Accordingly, the respondent's motion to dismiss, dkt. [6], is **denied**. The respondent shall have **through June 26, 2020**, to respond to the merits of the arguments raised in Mr. Young's petition consistent with the Court's order to show cause, dkt. 3.

**IT IS SO ORDERED.**

Date: 6/4/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVID YOUNG
270347
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov