UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID YOUNG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:19-cv-04469-JRS-DML |
| ) | |
| MARK SEVIER, et al. ) | |
| ) | |
| Respondents. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

David Young's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case NCP 19-09-0016. Mr. Young's petition is **denied**.

### I. Overview

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. The Disciplinary Proceeding

On August 10, 2019, Mr. Young submitted a Prison Rape Elimination Act (PREA) complaint. Dkt. 15 at 6. The complaint alleges without any detail that staff members sexually harassed him, an officer pinched his buttocks, a therapist and a doctor raped him, and prisoners exposed themselves to him and asked him for sex. *Id.* He asserted the same allegations in healthcare requests dated August 9 and 20, 2019. *Id.* at 7–10.

On August 27, 2019, Mr. Young submitted another healthcare request seeking numerous changes to his diet, mental health treatment, and housing conditions. *Id.* at 39–42. He also asked that all his PREA complaints be withdrawn or dismissed. *Id.* at 40 ("requesting thee PRE complaints our dismissd. I want to with drawl III PREA complaints.") (errors in original).

A preliminary investigation into Mr. Young's complaint concluded on September 4, 2019. Dkt. 15 at 1–4. Both the investigator and PREA Compliance Manager B. VanDervort found insufficient evidence to create probable cause to justify a formal investigation. *Id.* at 4. They further found that the allegation was "unfounded," meaning they investigated the complaint and determined that the allegations were untrue. *Id.* at 56. The investigation included a review of mental health records, which reveal a history of delusions. *Id.* at 2. In an interview, Mr. Young acknowledged that there were no witnesses to any of the incidents described in his complaint, and he described two of the perpetrators as wearing clothing that would not have been permitted under the staff dress code. *Id.* at 1–3. In a follow-up interview, after his written request to withdraw the PREA complaints, Mr. Young stated that his allegations were lies but then recanted when he was informed that he could be punished for filing a false report. *Id.* at 3.

Based on this investigation, Mr. VanDervort wrote the following conduct report on September 17, 2019:

> On 8/19/2019 the PREA department received PREA allegations made by Offender Young, David #270347 against multiple Mental Health staff; the allegations were investigated and forwarded to GEO Corporate on 9/4/2019. On 9/16/19 at 1427, the case was returned by GEO PREA Contract Compliance Department; they concurred that the PREA allegations made by Offender Young were Unfounded (an Unfounded determination is defined as "not to have occurred") and is considered to be a fabrication. End of Report

Dkt. 14-1. He was charged with violating Disciplinary Code 122, Asserting and/or Filing a False Lien or Judgment or Complaint. Dkt. 14-3. This provision punishes "[a]sserting and/or filing a lien or judgment or complaint against any person when the basis for said lien or judgment or complaint is false or otherwise untrue." Dkt. 14-8 at § 122.

NCP 19-09-0016 proceeded to a hearing on September 23, 2019. Dkt. 14-5. The hearing officer found Mr. Young guilty after reviewing the conduct report and the investigation report. *Id.* The hearing officer assessed sanctions, including a loss of 103 days of earned credit time and a demotion in credit-earning class. *Id.*

Mr. Young appealed his disciplinary conviction on a form dated September 24, 2019. Dkt. 14-6. That appeal is marked as received on January 9, 2020—about two months after he filed his habeas petition. *Id.* That appeal was denied. *Id.* There is no indication that Mr. Young submitted a second-level appeal.

### III. Analysis

Mr. Young asserts two challenges in his habeas petition. The respondent argues that both are procedurally defaulted because Mr. Young failed to exhaust the administrative appeal process before bringing his habeas petition. However, there is a factual dispute regarding when Mr. Young submitted his disciplinary appeal, and both his habeas arguments are meritless. Accordingly, the Court declines to wade into the exhaustion issue. *See Brown v. Watters*, 599 F.3d 602, 609–10

3

(7th Cir. 2010) (Noting that procedural bar issues should *ordinarily*, but need not *always*, be resolved before the merits.)

Mr. Young principally challenges the evidentiary support for his disciplinary conviction. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274. The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any evidence* in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56 (emphasis added). *See also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). This Court may not "reweigh the evidence underlying the hearing officer's decision" or "look to see if other record evidence supports a contrary finding." *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)).

Mr. Young argues that the evidence before the hearing officer did not *prove* that his PREA complaint was false. He grounds his challenge in the wrong standard. *Some* evidence supports the hearing officer's conclusion that Mr. Young's PREA complaint was based on false allegations. This includes the investigator's report that Mr. Young admitted to fabricating the complaint in his second interview and Mr. Young's healthcare request asking to have his complaints withdrawn or denied. Mr. Young asks the Court to weigh that evidence differently than the hearing officer did, and the Court may not do so. *See Rhoiney*, 723 F. App'x at 348.

Mr. Young also argues that his "right to have a hearing in less [than] 24 hours was violated." Dkt. 1 at 3. There is no such right. Due process entitles a prisoner to receive notice of his

4

disciplinary charge *at least* 24 hours before his hearing. *Wolff*, 418 U.S. at 564 ("At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance."). Mr. Young relies on the inverse proposition—that due process entitled him to have his hearing *within* 24 hours—and it finds no support in the law.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Mr. Young's petition does not identify any arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions that entitles him to the relief he seeks. Accordingly, Mr. Young's petition for a writ of habeas corpus must be **denied** and the action **dismissed with prejudice.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/22/2021

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DAVID YOUNG
270347
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Abigail Recker
INDIANA ATTORNEY GENERAL
abigail.recker@atg.in.gov